IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sean Christopher Clemmons, ) | C/A No. 0:16-1305-RMG-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America; Warden Hudson; ) | |
| Unit Manager Amy Leonard; Case Manager ) | |
| W. Wahlen; Warden Travis Bragg; A.W. ) | |
| Furman; Captain Hicks; Health Services ) | |
| Administrator Canada; Food Service ) | |
| Administrator Kinnion; Lieutenant Baits; E. ) | |
| Negron-Oliver, *Disciplinary Hearing Official*; ) | |
| Unit Manager Holland; Trust Fund Official ) | |
| Leviner; Lieutenant Torres; Case Manager ) | |
| Swan; Counselor Keyes; Lieutenant Dunbar; ) | |
| Officer Strictland; Mays; Mills; Doctor ) | |
| Berrios; M.L.P. H. Hansen; Kirkland; R.N. ) | |
| Donna Griffith; K. Robinson; D. Kowszik, ) | |
| *R.N.*; H.I.T. Kimbrell; Physician Kimberly ) | |
| Lemons; M.L.P. Romero; Adams; Jane Doe, ) | |
| *Medical Air Marshall*; Federal Bureau of ) | |
| Prisons; S.I.S. Bennett; SIS Connery; Fortune; ) | |
| Officer Godbey; Officer Legett; Psychologist ) | |
| Figuora; Acting Captain Caraluzzi; Associate ) | |
| Warden Kelly, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

      Plaintiff Sean Christopher Clemmons, a self-represented federal inmate, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court on the plaintiff's motion for appointment of counsel. (ECF No. 69.) The defendants filed a response in opposition. (ECF No. 75.) In his motion, Clemmons alleges that he is indigent, that he lacks knowledge of the law, and that his case is complex and has merit. He also argues that an

attorney would be able to more clearly present the issues in his case. He further alleges that he has multiple lawsuits pending, and that this is "burdening [him] greatly emotionally and mentally." (ECF No. 69 at 2.)

There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Upon review of the file, the plaintiff's filings thus far demonstrate a capacity to present his claims. Based on the pleadings before the court, the plaintiff writes well and appears capable of addressing the legal issues. Accordingly, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would the plaintiff be denied due process if the court denied plaintiff's request for counsel. Id. Therefore, the plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 12, 2017
Columbia, South Carolina