IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Sean Christopher Clemmons, | C/A No. 0:16-cv-01305-AMQ-PJG |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| United States of America, *et al.*, | |
| Defendants. | |

The matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett recommending that this Court grant the Motion to Dismiss, or in the alternative, to Change Venue filed by Defendants Donald Hudson, Amy Leonard, Walter Whalen, Kimberly Lemons, Luis Romero and Harvey Adams ("Defendants"). (ECF No. 176.) As set forth in detail in the Report, Defendants are employees from federal facilities in Pennsylvania and Oklahoma. For the reasons set forth below, the Court adopts the Report to the extent consistent with this Order and grants Defendants' Motion to Dismiss.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Sean Christopher Clemmons ("Plaintiff"), a self-represented prisoner, filed this action against the United States of America and a lengthy list of individually named defendants alleging a myriad of claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA), 28 U.S.C. § 2671, *et seq.*, which include allegations stemming from periods of time when he was housed at Federal Correctional Institution ("FCI") Bennettsville in Bennettsville, South Carolina; FCI Schylkill in Minersville, Pennsylvania; and Federal Transfer Center ("FTC") Oklahoma City, Oklahoma.

Plaintiff is currently housed in FCI Gilmer in Glenville, West Virginia. This matter was referred to United States Magistrate Judge Paige J. Gossett for consideration of pretrial matters.

Plaintiff filed his complaint on April 25, 2016. (ECF No. 1.) Generally, Plaintiff alleges Defendants were negligent in failing to provide him with proper medical care and that they retaliated against him for filing grievances and complaints related to his lack of medical care. *Id*. Defendants moved for dismissal due to lack of personal jurisdiction on May 15, 2017. (ECF No. 129.) In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. (ECF No. 134.) Plaintiff filed his response to Defendants' Motion to Dismiss on August 14, 2018. (ECF No. 153.) In his response, Plaintiff addressed a Motion for Summary Judgment filed by other named defendants in the case, but offered no countervailing evidence or arguments regarding Defendants' assertions that the Court lacks personal jurisdiction over them. *Id*. Magistrate Judge Gossett issued her Report on January 26, 2018, in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2). (ECF No. 176.) Plaintiff filed his objections on February 15, 2018. (ECF No. 182.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Id*. Parties are allowed to make a written objection to a Magistrate Judge's Report within fourteen days after being served a copy of the Report. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the Report to which specific objection is made, and it may accept, reject or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id*. Absent a timely, specific

objection—or as to those portions of the Report to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

In her Report, the Magistrate Judge recommends granting Defendants' Motion to Dismiss on the grounds that this Court lacks personal jurisdiction over Defendants. Specifically, the Magistrate Judge found that Plaintiff failed to make a prima facie showing of a sufficient jurisdictional basis in order to survive Defendants' jurisdictional challenge. In his written objections, Plaintiff sets forth eight paragraphs that can be pared down to two specific objections. The Court will address each objection in turn.

First, Plaintiff objects to dismissal of his claims against Defendants brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*.[1] The FTCA is an exception to the doctrine of sovereign immunity, which holds that the government is typically not subject to tort lawsuits. *Perkins v. United States*, 55 F.3d 910, 913 (4th Cir. 1995). The FTCA "gives federal district courts jurisdiction to hear civil actions against the United States for money damages for

---

[1] Plaintiff concedes that his *Bivens* claims against Defendants should be dismissed. (ECF No. 182 at 1, para. 2.)

injuries caused by the negligent or wrongful acts or omissions of government employees while acting within the scope of their employment." *Id.* The FTCA does not, however, create a cause of action against individual defendants acting within the scope of government employment. The cause of action created by the FTCA must be exclusively brought against the United States government. 28 U.S.C § 2679(b) ("The remedy against the United States provided by [FTCA] . . . is exclusive of any other civil action or proceeding for money damages."; *see also McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant.") Therefore, Plaintiff's objection to the dismissal of claims against Defendants under the FTCA lacks legal support because Plaintiff cannot assert claims against individual defendants under the FTCA.[2] Therefore, the objection is overruled.

Second, Plaintiff objects to the dismissal of the claims set forth against Defendants in their individual capacity and requests that the Court transfer those claims to their proper venue in accordance with 28 U.S.C. 1404(a). Plaintiff does not specifically object to dismissal on the basis of personal jurisdiction or cite a basis for personal jurisdiction. He simply asks the Court to transfer the case instead of dismissing his claims. In its Motion to Dismiss, Defendants requested, in the alternative, that the Magistrate Judge transfer the claims against Defendants pursuant to applicable venue statutes if the Court declined to dismiss the claims for lack of personal jurisdiction in accordance with Fed. R. Civ. P. 12(b)(2). However, the Magistrate Judge recommended dismissal of the causes of action against Defendants in accordance with Fed. R. Civ. P. 12(b)(2). The Report did not, therefore, address the issue of transfer of venue.

---

[2] Plaintiff accurately states that this Court has jurisdiction over the United States. However, this Report and Recommendation only addresses claims brought against Defendants Donald Hudson, Amy Leonard, Walter Whalen, Kimberly Lemons, Luis Romero and Harvey Adams. Likewise, this order does not address other named defendants related to Plaintiff's incarceration at FCI Bennettsville.

4

The Court agrees with the Magistrate Judge. A court should not address issues such as venue if it does not have jurisdiction over the parties. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979) ("The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum."). In her Report, the Magistrate Judge properly concluded that the Court does not have personal jurisdiction over Defendants and recommended that the Court dismiss Plaintiffs claims against Defendants for lack of personal jurisdiction. Therefore, the Court need not address the issue of venue.

The Court has reviewed the issues raised in Plaintiff's objections de novo, and Plaintiff's objections are hereby overruled. In addition, the Court has reviewed the remainder of the Report, including portions to which Plaintiff did not object, and has determined that there is no clear error on the face of the record. Therefore, the Court finds the Magistrate Judge's Report to be proper. Accordingly, the Court adopts the Report and incorporates it herein by specific reference to the extent consistent with this order. Because Plaintiff has failed to make a prima facie showing of a sufficient jurisdictional basis in order to survive Defendants' jurisdictional challenge, it is hereby ordered that Plaintiff's claims against Defendants Donald Hudson, Amy Leonard, Walter Whalen, Kimberly Lemons, Luis Romero and Harvey Adams be dismissed for lack of personal jurisdiction in accordance with Fed. R. Civ. P. 12(b)(2) and applicable case law.

## **CONCLUSION**

For the forgoing reasons, Plaintiff's objections to the Report are overruled and the Magistrate Judge's Report is adopted. Accordingly, Defendants' Motion to Dismiss (ECF No. 129) is hereby **GRANTED** and Plaintiff's claims against Defendants Donald Hudson, Amy

Leonard, Walter Whalen, Kimberly Lemons, Luis Romero and Harvey Adams are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

/s/ A. Marvin Quattlebaum, Jr.
A. Marvin Quattlebaum, Jr.
United States District Judge

July 18, 2018
Greenville, South Carolina