IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Sean Christopher Clemmons, | ) | Case No. 0:16-cv-1305-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, Warden Travis Bragg, AW Furman, Captain Hicks, Health Service Administrator Canada, Food Service Administrator Kinnion, Lieutenant Baits, E. Negron-Oliver, Unit Manager Holland, Lieutenant Torres, Case Manager Swan, Counselor Keyes, Lieutenant Dunbar, Officer Strickland, Mays, Mills, Doctor Berrios, MLP H. Hansen, Kirkland, RN Donna Griffith, K. Robinson, D. Kowszik, HIT Kimbrell, Jane Doe, Trust Fund Officer Leviner, Federal Bureau of Prisons, SIS Bennett, Fortune, Officer Godbey, Officer Legett, Psychologist Figuora, Acting Captain Caraluzzi, Associate Warden Kelly, | ) | |
| | ) | |
| Defendants, | ) | |

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 130. Plaintiff filed a Response in Opposition, Defendant filed a Reply, and Plaintiff filed a Sur-Reply. ECF Nos. 153, 155, 157. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and

Recommendation ("Report"). The Magistrate Judge ordered additional briefing on January 24, 2018.[1] ECF No. 172. Defendants filed supplemental briefing on February 26, 2018. ECF No. 184. On July 26, 2018, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted in part and denied in part. ECF No. 215. Plaintiff filed objections to the Report and a Motion to Supplement the Record. ECF Nos. 223, 228.

## **LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo

---

[1] The Magistrate Judge requested additional briefing as a result of the recent Supreme Court decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017), whereby the Supreme Court emphasized that expanding the *Bivens* remedy is disfavored, and further highlighted the "special factors" a court must perform to determine whether a *Bivens* action should be available in a new context.

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Court recognizes that Plaintiff filed a lengthy Second Amended Complaint and appreciates the Magistrate Judge's attention to detail in this matter. The Magistrate Judge provides a thorough summary of the facts and applicable law in this case, which the Court incorporates into this Order by reference. As previously stated, the Magistrate Judge recommends that Defendants' Motion for Summary Judgment be granted in part and denied in part. ECF No. 215. Plaintiff has filed objections, which the Court will address below.

### *Sovereign Immunity*

The Magistrate Judge recommends that Plaintiff's claims brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971),[2] against the United States of America and the Federal Bureau of Prisons ("BOP") and his claims for monetary damages against Defendants in their official capacities be dismissed because they are entitled to sovereign immunity. ECF No. 215 at 5–6. Plaintiff does not appear to object to these findings. The Court has reviewed this section of the Report for clear error and agrees with the Magistrate Judge's findings. Accordingly, Defendant's Motion is granted with respect to these claims.

---

[2] In *Bivens*, the Court held that even in the absence of statutory authorization, it would enforce a damages remedy in a narrow context to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures under the Fourth Amendment.

***Exhaustion of Administrative Remedies***

The Magistrate Judge recommends dismissal of several of Plaintiff's claims for failure to exhaust administrative remedies including: Plaintiff's Eighth Amendment claim against Defendant Figuora for failing to provide psychiatric services; his Fourteenth Amendment due process claim against Defendants Caraluzzi, Kelly, and Kirkland for failing to preserve the video footage of the excessive force incident; and his First and Fourteenth Amendment claims against Defendants Holland, Keyes, Berrios, and Bennett for lack of access to courts and a violation of due process by hindering his ability to file administrative remedies. ECF No. 215 at 6–11. Plaintiff has not objected to these findings. The Court has reviewed the Magistrate Judge's recommendation for clear error and agrees with the findings in the Report. Accordingly, these claims are dismissed for failure to exhaust administrative remedies.[3]

**Bivens *Claims***

<u>First Amendment Claim</u>

The Magistrate Judge found that Plaintiff's First Amendment claim is not cognizable under *Bivens* and its progeny. ECF No. 215 at 13. Plaintiff objects to the Magistrate Judge's finding and states that he was denied access to a telephone and to

---

[3] The Court notes that at the end of his objections, Plaintiff provides the general statement that, "[i]n conclusion, [he] object[s] the magistrate judge finding on any and all claims that was dismissed on the basis of clear error of law and any other reasons . . . ." ECF No. 223 at 21. While this is not the type of specific objection that requires de novo review by this Court, in light of Petitioner's pro se status, the Court has conducted a thorough review of the record in this case and the applicable law.

4

mail in order to contact attorneys and family members to report a crime committed against him by prison officials. ECF No. 223 at 20. He also states that he has no alternative remedies available. *Id*.

The Court finds that the Magistrate Judge correctly concluded that Congress and the courts have not expanded the *Bivens* remedy to include claims for denial of access to courts under the First Amendment. As explained in *Ziglar*, the Supreme Court has only recognized an implied cause of action in two other cases involving other constitutional violations. *See Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment Due Process Clause provided remedy for gender discrimination); *Carlson v. Green,* 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishment Clause). Thus, three cases—*Bivens*, *Davis* and *Carlson*—represent the only instances where the Supreme Court has approved an implied damages remedy under the Constitution itself. *Ziglar*, at 1855.

The *Ziglar* Court expressed significant caution regarding the creation of implied causes of action to enforce the Constitution. *Ziglar*, 137 S. Ct. at 1857 (internal citation omitted). Further, the Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* For instance, the Court expressly declined to create an implied damages remedy in a First Amendment suit against a federal employer in *Bush v. Lucas*, 462 U.S. 367 (1983). There, the Court indicated that it was convinced that "Congress is in a better position to decide whether or not the public interest would be served by creating it." *Bush v. Lucas*, 462 U.S. 367, 390 (1983).

*Ziglar* makes clear that a *Bivens* remedy is not available if there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 137 S.

5

Ct. at 1857 (quoting *Carlson v. Green,* 446 U.S. 14, 18 (1980) (internal quotations omitted)). With respect to the "special factors," the relevant inquiry "must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1857–58; *see also Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (remanding matter to the Court of Appeals for further proceedings in consideration of the reasoning and analysis of *Ziglar v. Abbasi* and to allow the parties to brief and argue its significance).

*Ziglar* also sets out the test this Court must apply to analyze whether Plaintiff's *Bivens* claim may proceed. First, the Court must determine whether this case is "different in a meaningful way from previous *Bivens* cases decided by [the] Court." *Ziglar*, 137 S. Ct. at 1859. If so, the context is new and the Court must then apply a "special factors analysis" before allowing a damage suit to proceed. *Id.* at 1860. *Ziglar* provides a non-exhaustive list of differences that are meaningful enough to make a context new, i.e., "the constitutional right at issue; the generality or specificity of the official action; . . . or the presence of potential special factors that previous *Bivens* cases did not consider." *Id.* at 1860.

The Court will first consider whether Plaintiff's claim is meaningfully different from other cases where the Supreme Court has afforded *Bivens* remedies. As noted above, to date, the Supreme Court has only recognized a *Bivens* remedy in the context of the Fourth, Fifth, and Eighth Amendments. Upon review, the Court finds that Plaintiff's claim

6

is unlike the Fourth Amendment unreasonable seizure claim at issue in *Bivens*, the gender discrimination claim in *Davis*, or the deliberate indifference claim in *Carlson*.[4]

Turning to the "special factors analysis," the Court must consider whether "the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Ziglar*, 137 S. Ct. at 1857–58. The "decision to recognize a damages remedy requires an assessment of its impact on governmental operations systemwide" and the "projected costs and consequences to the Government itself" when the legal system is used to "bring about the proper formulation and implementation of public policies." *Id.* at 1858. To that end, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* The Supreme Court has clearly expressed its "general reluctance to extend judicially created private rights of action." *Jesner v. Arab Bank, PLC*, 138 S. Ct. 1386, 1389 (2018).

In his objections, Plaintiff argues that he has no alternative remedy for a violation of his constitutional rights; however, Plaintiff's alternative remedies include the BOP administrative grievance process and the Federal Tort Claims Act ("FTCA"). Moreover, "legislative action suggesting that Congress does not want a damages remedy is itself a

---

[4] The Court notes that the Supreme Court has assumed in some instances that a *Bivens* remedy is available in a First Amendment claim. *See Wood v. Moss*, 134 S. Ct. 2056, 2066 (2014) (acknowledging that the Supreme Court has "several times assumed without deciding that *Bivens* extends to First Amendment claims."). However, it has not taken the affirmative step of recognizing one and has indicated that "[it] has never held that *Bivens* extends to First Amendment claims." *Reichle v. Howards,* 566 U.S. 658, 663 (2012).

factor counseling hesitation." *See Ziglar*, 137 S. Ct. at 1865. Congress's action in this area in light of the Prison Litigation Reform Act and otherwise not only demonstrates the existence of alternative remedies, but also causes pause for the judicial creation of additional damage remedies. *Id.* "In sum, if there are sound reasons to think that Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III." *Id.* at 1858.

Having conducted the "special factors analysis," the Court concludes that Plaintiff does have other avenues for relief, and there are significant economic and governmental concerns with recognizing an implied cause of action in this instance. For these reasons, the Court overrules Plaintiff's objections and declines to find an implied *Bivens* cause of action for Plaintiff's claim of denial of access to courts under the First Amendment.

<u>Sixth Amendment Claim</u>

The Magistrate Judge found that Plaintiff's claim fails on the merits without a discussion of *Ziglar*. ECF No. 215 at 13–14. Plaintiff objects to the Magistrate Judge's finding. ECF No. 223 at 20–21.

The Magistrate Judge correctly points out that an inmate is not entitled to communicate confidentially or otherwise with an attorney in a civil case. ECF No. 215 at 13. Plaintiff states that he was pursuing a civil and criminal matter but he does not indicate that there was an active criminal case at the time. *See* ECF No. 223 at 20; *see also Wolff v. McDonnell*, 418 U.S. 539, 576 (1974) ("As to the Sixth Amendment, its reach is only to

8

protect the attorney-client relationship from intrusion in the criminal setting."). Accordingly, Plaintiff's objection is overruled.

### Fifth and Fourteenth Amendment Claims

The Magistrate Judge recommends dismissal of Plaintiff's Fifth and Fourteenth Amendment claims regarding the loss of his good time credits and his access to the telephone. ECF No. 215 at 14–17. She found that, to the extent Plaintiff seeks the return of his good time credits, the exclusive remedy available to him is through habeas corpus. Further, any claim for damages arising from the loss of credits in a disciplinary hearing is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). She also concluded that Plaintiff's allegations concerning his access to the telephone do not implicate a due process liberty interest. Plaintiff has not specifically objected to these findings. The Court has thoroughly reviewed the Magistrate Judge's Report, the record in this case, and the applicable law. The Court agrees with the Magistrate Judge's findings; accordingly, summary judgment is granted with respect to these claims.

### Eight Amendment Claims

#### *Deliberate Indifference to Serious Medical Needs*

The Magistrate Judge recommends that summary judgment be granted on Plaintiff's claims that he was subjected to deliberate indifference with regard to his serious medical needs. She grouped Plaintiff's complaints into two categories: Plaintiff's medical care prior to his placement in the SHU and his medical care in the SHU, where he was housed from January 2015 through March 2015. With respect to his treatment before his placement in the SHU, she found that Plaintiff offered no relevant expert support of his

9

opinion that he was improperly treated. ECF No. 15 at 24–25. Regarding his medical treatment in the SHU, the Magistrate Judge determined that Plaintiff's medical condition was not sufficiently serious. *Id*. at 24–30.

With respect to his medical treatment before he was placed in the SHU, Plaintiff makes various objections that essentially boil down to the fact that he believes that he was provided better medical care in other federal correctional institutions and he believes that the medical staff at Federal Correctional Institution ("FCI") Bennettsville should have performed their duties differently. Significantly, he provides no support for his medical conclusions beyond his own conclusory statements. He provides excuses for why he did not appear at sick call on various dates, but does not object to the veracity of the Magistrate Judge's statement that he did not request medical treatment for a period of time. Further, as evidenced by Plaintiff's medical records, he was treated for various ailments, including hemorrhoids, many times during his incarceration at FCI Bennettsville. *See* ECF No. 132.

The Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citing *Layne v. Vinzant*, 657 F.2d 468, 471 (1st Cir. 1981)). To establish deliberate indifference to serious medical needs, a prisoner must demonstrate (1) his medical condition was a sufficiently serious one and (2) subjectively, the prison officials acted with a sufficiently culpable state of mind, which is satisfied by showing deliberate indifference by the prison officials. *Goodman v. Wexford Health Sources, Inc.*, No. 09-6996, 2011 WL 1594915, at *1 (4th Cir. 2011). Deliberate indifference exists when prison

10

officials know of a substantial risk to a prisoner's health or safety and consciously disregard that risk. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990) ("Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." (citation omitted)). Within the United States Court of Appeals for the Fourth Circuit, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" to violate a prisoner's Eighth Amendment rights. *Miltier*, 896 F.2d at 851. Here, Plaintiff has failed to establish that his treatment was insufficient. He merely states that he should have received different care. Moreover, as evidenced by his extensive medical records, Plaintiff was regularly treated for his conditions. Accordingly, his objections are overruled and Defendant's Motion is granted with respect to this claim.

Regarding his claim that he was denied appropriate medical care while in the SHU, the Court respectfully declines to adopt the recommendation of the Magistrate Judge and finds that a genuine issue of material fact remains with respect to this claim. The Court notes that Plaintiff provides a sworn statement wherein he states that he requested medical care from Defendants several times over the course of his time in the SHU. ECF No. 153-1 at 21–26. Defendants provided sworn declarations from Defendants Berrios and Hansen that if Plaintiff had made more requests than the two they have record of, they would have pursued the request. ECF Nos. 131-12 at 14–16; 132-4 at 6.

Defendants further contend that there is no documented evidence that Plaintiff requested medical care or that any of the Defendants refused to treat him. ECF No. 130 at 84.

The Magistrate Judge concluded that, regardless of whether Plaintiff can demonstrate the subjective component of his deliberate indifference to serious medical needs claim, he fails to meet to objective component. ECF No. 215 at 27. The Court disagrees. The Magistrate Judge provides a recitation of the relevant caselaw with respect to when a hemorrhoid condition is considered a "serious medical need." She specifically cites to a case out of the Western District of Virginia where the court found that the plaintiff had not alleged a sufficiently serious condition because he merely alleged that he bled when defecating but did not note any discomfort or pain. *Hopkins v. BRRJA Med. Servs.*, C/A No. 7:12-cv-536, 2012 WL 6677670, at *2 (W.D. Va. Dec. 21, 2012). The Magistrate Judge further cites to Plaintiff's medical records from March 24, 2015, wherein Dr. Berrios noted that Plaintiff had "one small internal hemorrhoid" with slight swelling and no bleeding. ECF No. 215 at 28; *see also* ECF No. 132 at 78. However, upon review, the Court finds that Plaintiff's allegations that he was experiencing pain are not inconsistent with Dr. Berrios's notes from her examination, particularly in light of the Magistrate Judge's notation that Plaintiff underwent a hemorrhoidectomy shortly after he was transferred from FCI Bennettsville on April 9, 2015. *See* ECF Nos. 80-1 at 133; 215 at 29; 132 at 81–82. Accordingly, the Court finds a genuine issue of material fact exists with respect to whether Plaintiff's condition was sufficiently serious and whether some Defendants were aware of Plaintiff's condition.

The Magistrate Judge recommends finding that Defendants Bragg, Hicks, and Canada are not subject to supervisory liability because Plaintiff has not demonstrated that he suffered a constitutional violation. ECF No. 215 at 30–31. Because the Court finds that Plaintiff has created a genuine issue of material fact with respect to part of his deliberate indifference to serious medical needs claim, the Court recommits the question of supervisory liability to Magistrate Judge for further evaluation.[5]

*Conditions of Confinement*

The Magistrate Judge determined that Plaintiff's allegations that he was subjected to unconstitutional conditions of confinement present a new context, thus requiring a special factors analysis. ECF No. 215 at 31–33. She then concluded the special factors cautioned against creating a new *Bivens* remedy. Id. Plaintiff does not specifically object to the Magistrate Judge's recommendation. The Court has performed a thorough review of the record in this case and the applicable law and agrees with the Magistrate Judge that these claims represent a new context and that it would be improper to create a new

---

[5] The Court notes that the Magistrate Judge included a footnote in her Report wherein she explains that she did not address a possible challenge to a BOP policy. ECF No. 215 at 26 n. 11. She states that she did not construe the Complaint or its amendments as alleging a challenge to this BOP policy; accordingly, she concluded that it is not properly before the Court. *Id*. After an independent assessment of the Second Amended Complaint and considering Plaintiff's assertion in his objections that he raised a challenge to BOP policy in his Response in Opposition to the Motion for Summary Judgement, the Court concludes that Plaintiff does not bring a claim challenging the BOP policy and that the statements referenced by the Magistrate Judge are a part of his claim for deliberate indifference to serious medical needs. *See White v. Roche Biomed. Labs., Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992) (holding that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

remedy under *Bivens*. Accordingly, summary judgment is granted with respect to this claim.

### *Excessive Force*

The Magistrate Judge determined that summary judgment should be denied with respect to Plaintiff's excessive force claim against Defendants Dunbar, May, Mills, Strickland, Legett, and Godbey. ECF No. 215 34–43. She then found that these Defendants were not entitled to qualified immunity. *Id*. at 43–44. In Plaintiff's objections, he attempts to correct certain details with respect to the Magistrate Judge's factual recitation that do not change the outcome of his claim. ECF No. 223 at 18–19.

As the Supreme Court recognized in *Ziglar*, the Court has approved of an implied damages remedy for claims arising under the Eighth Amendment. 137 S. Ct. at 1848 (citing *Carlson*, 446 U.S. 14). In order to recover on an Eighth Amendment excessive force claim, a plaintiff must establish that the "prison official acted with a sufficiently culpable state of mind (subjective component); and [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). Thus, courts must analyze both subjective and objective components.

"[T]he 'core judicial inquiry' regarding the subjective component of an excessive force claim is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Parker v. Stevenson*, 625 F. App'x. 196, 198 (4th Cir. 2015) (quoting *Iko*, 535 F.3d at 239). The Fourth Circuit has

14

identified the following four factors to consider when determining whether a prison official's actions were carried out "maliciously and sadistically" to cause harm:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) any efforts made to temper the severity of a forceful response.

*Parker*, 625 F. App'x. at 198 (quoting *Iko*, 535 F.3d at 239); *see also Whitley v. Albers*, 475 U.S. 312, 321 (1986) (identifying the four factors as (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force" used; (3) "the extent of the injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates[ ] as reasonably perceived by the responsible officials on the basis of the facts known to them").

To establish the objective component, a plaintiff must show "that the alleged wrongdoing is objectively 'harmful enough' to establish a constitutional violation" in the context of "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)). When prison officials maliciously and sadistically use force to cause harm, there always exists a constitutional violation regardless of how significant a plaintiff's injury may be. *Id.* at 9; *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).

Based on the evidence before the Court at this procedural posture, the Court finds that there exists a genuine issue of material fact with respect to whether Plaintiff was subjected to excessive force in violation of the Eighth Amendment. Summary judgment is denied with respect to this claim.

15

## *FTCA Claims*

The FTCA "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff makes several claims pursuant to this statute, which the Court will address in turn.

### *Assault and Battery*

With respect to Plaintiff's claim under the FTCA for assault and battery, the Magistrate Judge recommends that summary judgment be denied. ECF No. 215 at 46–49. Upon review of the record and the applicable law, the Court agrees with the Magistrate Judge's recommendation. Accordingly, summary judgment is denied with respect to this claim.

### *Medical Malpractice*

The Magistrate Judge recommends finding summary judgment is appropriate with respect Plaintiff's medical malpractice claims because he fails to provide an affidavit of an expert witness specifying at least one negligent act or omission and the factual basis for each claim. ECF No. 171 at 22–23; *see also* 28 U.S.C. § 1346(b)(1) (whether a government employee was negligent is to be determined "in accordance with the law of the place where the act or omission occurred"); *Millmine v. Harris*, C/A No. 3:10-1595-CMC, 2011 WL 317643 (D.S.C. Jan. 31, 2011) (holding that the expert affidavit requirement in S.C. Code Ann. § 15-36-100 is the substantive law in South Carolina). Plaintiff provides various reasons for his failure to provide the requisite affidavit, including

the Magistrate Judge's denial of his motions for appointment of counsel.[6] ECF No. 223 at 15–17. However, because it is undisputed that Plaintiff has not provided the requisite affidavit, summary judgment is appropriate with respect to this claim.

<u>Ordinary Negligence</u>

The Magistrate Judge correctly construes most of Plaintiff's negligence claims as medical malpractice claims. ECF No. 215 at 49–53. However, she found that to the extent Plaintiff's claims could be construed as alleging that he requested and was denied medical care while in the SHU, this allegation would raise a claim for regular negligence. *Id*. at 52–53. The Court agrees that Plaintiff raises this claim and that the Magistrate Judge properly construed it.

The Magistrate Judge continues that summary judgment is appropriate with respect to this claim because Plaintiff has indisputably failed to show that his condition was serious. *Id.* at 53. The Court has previously declined to adopt this conclusion and does so again here. Accordingly, because Plaintiff has demonstrated a duty of care, the Court finds that there remains a genuine issue of material fact with respect to whether Defendants breached that duty and whether the breach proximately caused Plaintiff's injury. *See Bloom v. Ravoira*, 529 S.E. 2d 710, 712 (S.C. 2000) (requiring a plaintiff to prove by a preponderance of the evidence that (1) the defendant had a legal duty of care;

---

[6] The Court notes that Plaintiff repeatedly asserts that the Magistrate Judge abused her discretion in failing to grant his motions for appointment of counsel. The Court disagrees with Plaintiff's argument and overrules any such objection. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975) (holding that courts have discretionary authority to appoint counsel "in exceptional cases," in a civil action brought by a litigant proceeding *in forma pauperis*); *see also* 28 U.S.C. § 1915(d).

(2) the defendant failed to discharge that duty; and (3) the defendant's breach proximately caused him injury); *see also* 18 U.S.C. § 4042(a)(2) (listing the duties of the BOP, which include providing for an inmate's care). Accordingly, summary judgment is denied with respect to this claim.

The Magistrate Judge concludes that, for the same reasons, Defendants are entitled to summary judgment with respect to Plaintiff's claim for gross negligence. ECF No. 215 at 53. Given that the Court has found a genuine issue at material fact exists as to whether Defendants exhibited deliberate indifference and negligence regarding Plaintiff's medical care while housed in the SHU, the Court also finds that a genuine issue of material fact remains with respect to gross negligence. *See Clyburn v. Sumter Cty. Sch. Dist. No. 17*, 451 S.E.2d 885, 887 (S.C. 1994) (recognizing that "[n]egligence is the failure to exercise due care, while gross negligence is the failure to exercise slight care").

### *Supervisory Liability*

The Magistrate Judge concludes that Plaintiff cannot survive a motion for summary judgment with respect to negligent supervision regarding his medical care while housed in the SHU because Defendants are entitled to summary judgment with respect to Plaintiff's claims for negligence, medical malpractice, and gross negligence. ECF No. 215 53–54. Because the Court disagrees with the premise for the Magistrate Judge's conclusion as to negligence and gross negligence, the Court recommits this issue to the Magistrate Judge for further consideration.

*Intentional Infliction of Emotional Distress*

The Magistrate Judge found that Defendants are entitled to summary judgment with respect to this claim because Plaintiff fails to demonstrate that he has suffered an extreme emotional injury. ECF No. 215 at 54–55. She cites to portions of Plaintiff's psychology records and the testimony from Defendant Figuora, Chief of Psychology Services at FCI Bennettsville, who determined that Plaintiff's mental health status was within normal limits. *Id*. at 55 (citing ECF Nos. 131-9, 131-10). Plaintiff objects and states that he has suffered sleepless nights, worry, anxiety, and nervous shock as a result of the physical attack against him. ECF No. 223 at 19–20. In light of the medical evidence provided by Defendants and the conclusory nature of Plaintiff's allegations, the Court agrees with the finding of the Magistrate Judge and overrules this objection. *See Bergstrom v. Palmetto Health Alliance*, 596 S.E.2d 42, 48 (S.C. 2004) (listing the requirements to state a claim for intentional infliction of emotional distress in South Carolina); *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985) (holding that a plaintiff's conclusory allegations, without more, are insufficient to preclude granting the summary judgment motion).

## **CONCLUSION**

Therefore, based on the foregoing, the Court adopts in part and respectfully declines to adopt in part the recommendations of the Magistrate Judge. Defendants' Motion for Summary Judgement [130] is **GRANTED in part**, **DENIED in part**, and **HELD in ABEYANCE in part**. The Motion is denied with respect to Plaintiff's claim for deliberate indifference to serious medical needs during his time in the SHU in violation of the Eight

19

Amendment against Defendants Berrios, Canada, Bragg, Hansen, and Robinson; his claim for excessive force in violation of the Eight Amendment against Defendants Dunbar, May, Mills, Strickland, Legett, and Godbey; and his claims under the FTCA for assault and battery, ordinary negligence, and gross negligence.  Plaintiff's claim for supervisory liability with respect to his claim for deliberate indifference to serious medical needs against Defendants Bragg, Hicks, and Canada and his claim for supervisory liability under the FTCA are recommitted to the Magistrate Judge for further evaluation consistent with this Order.  Summary judgment is granted as to Plaintiff's remaining claims.  The Court considered Plaintiff's additional filings in its Order; accordingly, his Motion to Supplement the Record [228] is **GRANTED**.

    IT IS SO ORDERED.

                                                          s/ Donald C. Coggins, Jr.
                                                          United States District Judge

October 15, 2018
Spartanburg, South Carolina

# NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.